IN RE INCORPORATION OF INDIAN HILLS, JACKSON COUNTY,
. NORTH CAROLINA

No. 7030SC25

(Filed 24 June 1970)

**Municipal Corporations § 1—    creation — failure to make necessary
findings of fact**

    The Municipal Board of Control erred in incorporating an area into
the town of "Indian Hills" without making findings of fact that the area
proposed to be incorporated does not lie within three miles of the limits
of any city, town or incorporated village as required by [former] G.S.
160-196, those opposing the incorporation having contended that the area
was in fact less than three miles from the community of "Cherokee."

APPEAL by the Eastern Band of Cherokee Indians from *Bryson,
J.,* 25 August 1969 Session, JACKSON Superior Court.

This is a proceeding under Article 17, Chapter 160 of the General Statutes (which article has been repealed effective 2 June 1969) to incorporate a new municipal corporation.

On 30 January 1969 a petition, signed by a majority of the resident qualified electors and a majority of the resident freeholders of the territory proposed to be incorporated, was filed with the Secretary of State of North Carolina requesting that the territory be incorporated into a town to be known as "Cherokee Town". The petition described a tract of land adjacent to and contiguous with the southwestern boundary line of the Cherokee Indian Reservation (also known as Qualla Boundary) in Jackson County, and located near the village of Cherokee which is situated within the boundaries of the Cherokee Indian Reservation.

On 30 January 1969 the Secretary of State entered an order setting a hearing on the petition before the Municipal Board of Control at ten o'clock a.m. on 11 March 1969. Due notice of the hearing was published in accordance with the statute.

The hearing was conducted before the Attorney General, as chairman, and the Secretary of State, as secretary. The third member, the chairman of the Utilities Commission, was absent. Present at the meeting were a number of persons who resided on the tract sought to be incorporated as a municipal corporation. Also present, opposing the incorporation, were persons who resided in adjoining areas, notably officials and representatives of the Eastern Band of Cherokee Indians. When the hearing was convened the petition seeking the incorporation was amended to ask that the new municipal corporation be known as "Indian Hills" instead of "Cherokee Town".

Thereafter the Municipal Board of Control heard testimony and argument both for and against the incorporation. On 19 March 1969 the Municipal Board of Control entered its order incorporating the tract into a town under the name of "Indian Hills".

On or about 28 March 1969 a petition for a writ of certiorari to the Municipal Board of Control was filed in the Superior Court of Jackson County. Pursuant to the petition a writ of certiorari was issued, and the proceedings were duly certified to the Superior Court. After a hearing in the Superior Court Judge Bryson, on 25 August 1969, entered an order finding that the order of the Municipal Board of Control was fully supported by competent evidence and was in accordance with the law, and thereupon affirmed the order. The Eastern Band of Cherokee Indians appealed to this Court.

*McGuire, Baley & Wood, by J. M. Baley, Jr., for appellants.*

*Stedman Hines for appellees.*

BROCK, J.

G.S. 160-196 (in effect at the time this proceeding was heard) provides that the area proposed to be incorporated "shall not be a part of nor within three miles of the area included in the limits of any city, town, or incorporated village. . . ."

Although there was pertinent evidence before the Municipal Board of Control, it failed absolutely to make any finding of fact with respect to whether the above quoted portion of the statute was or was not being complied with. One of the crucial contentions and arguments advanced by the Eastern Band of Cherokee Indians before the Board and before the Superior Court was that the area proposed to be incorporated was in fact less than three miles from the community known as "Cherokee".

Whether "Cherokee" is a city, town, or incorporated village is not sufficiently presented to us upon this record because the Municipal Board of Control failed to make appropriate findings of fact. Also, whether the area proposed to be incorporated lies within three miles of the limits of any city, town, or incorporated village is likewise not sufficiently presented to us upon this record because the Municipal Board of Control failed to make appropriate findings of fact.

The act repealing Article 17, Chapter 160 confers upon the Municipal Board of Control "the power and authority to hear and make

a determination of any petition or other matter filed or pending with the Municipal Board of Control prior to June 2, 1969."

The judgment of the Superior Court is reversed and this cause is remanded with directions that the Order of the Municipal Board of Control be vacated and that the cause be remanded to the Municipal Board of Control for further proceedings according to law.

Reversed and remanded.

BRITT and GRAHAM, JJ., concur.